**UNITED STATES of America,**
**Appellee,**

v.

**David Bernard BARASH, Appellant.**

**No. 728, Docket 34477.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1970.

Decided June 17, 1970.

Lloyd A. Hale, New York City (Louis Bender, New York City, on the brief), for appellant.

James T. B. Tripp, Asst. U. S. Atty., Southern Dist. of New York (Whitney North Seymour, Jr., U. S. Atty., and Jack Kaplan, Asst. U. S. Atty., Southern Dist. of New York, on the brief), for appellee.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge:

The appellant, David B. Barash, was convicted on 26 of the 32 counts of an indictment which charged him with payment of bribes or illegal gratuities to five employees of the Internal Revenue Service, in violation of 18 U.S.C. §§ 2, 201, 201(b) and 201(f) and of 26 U.S.C. § 7214(a) (2). On January 28, 1966, he was sentenced to one year and one day on each of the counts on which he was convicted, all to be served concurrently. On appeal these judgments of conviction were reversed by this court and the case was remanded for a new trial. United States v. Barash, 365 F.2d 395 (2 Cir. 1966). As the result of the second trial before a different judge and jury, Barash was convicted again on 15 out of the 26 counts. On December 8, 1967, he was sentenced to concurrent terms of nine months imprisonment and fined $1000 on each of 11 counts; to concurrent terms of five years, suspended, and five years of pro-

bation, with fines of $2500, on each of two other counts; and to concurrent terms of two years, suspended, and five years probation, with fines of $2500, on each of the two remaining counts. Barash was to stand committed until all of the $1000 fines were paid, and payment of the $2500 fines was a condition of the probation in each instance in which it was imposed. The two year sentences were concurrent with the five year sentences which in turn were consecutive to the nine month sentences. Barash appealed his conviction in the second trial but made no attack upon the sentences or fines; and this Court affirmed. United States v. Barash, 412 F.2d 26 (2 Cir.), cert. denied 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82 (1969).

While Barash's appeal from judgments entered after his second trial were *sub judice* before a panel of this court, the court, on November 27, 1968, filed its en banc decision in United States v. Coke, 404 F.2d 836 (2 Cir. 1968). The court held, in the exercise of its supervisory powers and for the purpose of establishing a uniform practice, that the punishment imposed on a convicted accused, following retrial after a new trial has been ordered, cannot be greater than the punishment imposed by the court after his first trial unless, in the light of his conduct since sentence was initially passed, or in view of new information which had not come to the attention of the judge imposing the first sentence because of some action chargeable to the defendant, and increased punishment is warranted and the judge specifies the reasons for it on the record. On June 23, 1969, the Supreme Court decided two cases in one opinion, North Carolina v. Pearce and Simpson, Warden v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969),

which dealt with the same issue and reached the same result as this court did in *Coke* but based the decisions on the Due Process Clause of the Fourteenth Amendment rather than on the supervisory power.

Barash was denied certiorari on his direct appeal and thereafter on November 13, 1969 he moved in the District Court under Rule 35, F.R.Crim.P. for the correction and reduction of his sentence on the ground that the punishment, including the time to be served, the fines, suspended sentences and probation with its conditions, was more severe than the punishment meted out after his first trial. The district court reduced the time to be served from 9 to 7 months but otherwise denied the motion on the assumption that the holdings in *Coke* and *Pearce* apply only to sentences of imprisonment and do not apply to fines or to sentences suspended as part of an order for a period of probation. We are of the opinion that this was error.

■ It should be expressly pointed out, however, that there is not the slightest suggestion or shred of evidence of any vindictiveness on the part of the sentencing judge following the second trial. Moreover he reduced the period of imprisonment immediately to be served from a year and a day to seven months. But on review this court must consider the maximum which the appellant might be required to serve under the terms of the judgment.

■ In countering appellant's contention that his second sentence is illegal because of its increased severity, the Government argues that Barash waived his right to complain of the illegality of the sentence because of his failure to raise the issue on his appeal from the second conviction.[1] Although

1. The Government, quite correctly, does not attempt to argue that these principles should not be given retroactive application. At the time of the *Coke* decision we determined that its principles were to apply "to all federal defendants who after successful appeal were convicted and given a longer sentence." 404 F.2d at 848. The Supreme Court, however, has yet to rule on the retroactivity of its decision in *Pearce*. It is nevertheless not necessary for us to reach the question of the retroactivity of *Pearce*, for as Barash is a federal prisoner he is fully protected

neither *Coke* nor *Pearce* had yet been decided at the time of that appeal, it is urged that because the appellant "knew of the tide of legal opinion" that eventually produced those decisions, his failure to raise the point constituted an "intentional relinquishment" of any right to have his illegal sentence corrected. We disagree. Under Rule 35, F.R.Crim.P., an illegal sentence may be corrected by the court "at any time." See 8A J. Moore, Federal Practice ¶ 35.03 [1] (1969). *Coke* explicitly held that a more severe sentence following a second trial (absent justifications not here present) is "illegal" within the meaning of Rule 35 as "it would violate a standard enunciated under our power to supervise the administration of federal justice." 404 F.2d at 848. It follows that a district court may not be precluded from exercising its duty to correct an unjustified increased punishment because of the defendant's failure to raise the point on direct appeal.

■ With regard to the merits, we think it clear that the district court's determination that the holdings in *Pearce* and *Coke* are limited to increased prison terms is incorrect. The rationale behind those decisions is that a convicted criminal defendant, fearing a declared or undeclared state policy to discourage attacks on judgments of conviction or that a vindictive judge might increase his sentence following retrial if there were a reversal on appeal, might be deterred from exercising his right to appeal or his right collaterally to attack his conviction. North Carolina v. Pearce, 395 U.S. at 725, 89 S.Ct. 2072; United States v. Coke, 404 F.2d at 848. We are of the opinion that the fear that the second judge might impose a substantial fine or an additional prison term, suspended with long term probation, and, by either or both of these means, increase the punishment over the term of imprisonment ordered after the first conviction, would likewise

deter appeals just as certainly as an increase in the prison term itself. See ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences § 3.4 at 65–66 (Approved Draft, 1968); Note, The Supreme Court: 1968 Term, 83 Harv.L.Rev. 7, 187–92 (1969). We, therefore, hold that the rules enunciated in *Pearce* and *Coke* prohibit (absent the justifications there enumerated) an increase in the punishment imposed after a conviction on retrial regardless of the form of punishment, whether it is imprisonment, suspended sentence with probation, fine, see North Carolina v. Pearce, 395 U.S. at 718, n. 12, 89 S.Ct. 2072, or any other corrective measure the court may provide.

■ Where, as in the present case, no basis or reason appears which would justify the court in imposing a more severe sentence after the new trial, the mere change in kind or type of punishment imposed after the new trial, as compared with that ordered after the first trial, presents difficulties and problems of its own. The combination of terms of imprisonment to be served, suspended sentences and maximum periods of probation, together with fines for part of which the appellant was to stand committed until paid, and the payment of the remainder of which was a condition of probation—all of which made up the punishments imposed after the second conviction—have to be compared with the concurrent sentences of one year and a day imposed on the counts after the first conviction. The appellant claims that those ordered after the new trial were the more severe. The Government takes the position that they were not. There is some evidence that the court after retrial was seeking to deal more leniently with the appellant—at least so far as the terms of imprisonment ordered to be served were concerned. If the appellant were unable to pay his fines, however, his

by our decision in *Coke*. But cf. Pinkard v. Neil, 311 F.Supp. 711, (M.D.Tenn. April

15, 1970) (applying *Pearce* retroactively to state prisoners).

terms of imprisonment might have far exceeded those first imposed, and would have been, therefore, more severe than those ordered after the first trial. Any attempt to compare one kind of punishment with another and to pronounce one more or less severe than another under circumstances such as those in this or similar cases is wholly impractical. It is simply not possible to compare a fine with a prison term and determine with any degree of accuracy which is the more severe. See e. g., United States v. Kelley, 5 U.S.C.M.A. 259, 263–64 (1954) (concurring opinion); United States v. Christensen, 12 U.S.C.M.A. 393 (1961).[2] In addition to the difficulties of comparison, the inevitable result of permitting the second judge to perform such a trade-off between kinds and types of punishment would be innumerable appeals, putting this court knee-deep into the business of sentencing by requiring it to declare what punishment is the equivalent or less rigorous than some other punishment, and thus participate significantly in the fixing of penalties.

■ As an exercise of our supervisory power over the administration of federal justice we, therefore, hold that after retrial, a sentencing judge is bound, absent the justifying circumstances set out in *Pearce* and *Coke*, to follow the kind, as well as to stay within the bounds of the degree of severity, of the punishment imposed following the first trial, unless there are extremely compelling reasons which demand a change in the type of penalty in the interests of justice, in which event such reasons shall fully and affirmatively appear on the record. Thus while he may impose a lesser amount of whatever punishment was set the first time around, no exchange may be made between the various types of available penalties, except that the execution of such identical or lesser sentence may be suspended and a term of probation imposed.

[6] Accordingly in the present case the sentences imposed after retrial are declared illegal and must be and are vacated;[3] the order of the district court

---

2. This problem has received most extensive consideration in opinions of the Court of Military Appeals, because the convening authority has the power to review sentences of courts-martial under 10 U.S.C. § 864 (formerly 50 U.S.C. § 651) and there is also a provision, 10 U.S.C. § 863(b) (formerly 50 U.S.C. § 650(b)), that, with certain exceptions, "no sentence in excess of or more severe than the original sentence may be imposed" if the convening authority disapproves of the sentence set by the court-martial. In his concurring opinion in *Kelley* the late Judge Brosman noted the difficulty of comparing for severity various types of sentences :

"It would seem to follow that it is open to a court-martial to find punishments, if any, no more severe than that previously adjudged *within* each category— but that its members may not go *outside* that category's limits. And why? For the plain reason that, as a logical proposition one may not—one cannot save for the roughest sort of practical purpose— compare chalk with cheese.

"For purposes of administrative simplicity, therefore, I believe that no effort

should be made to equate wholly different types of penal action." 5 U.S. M.C.A. at 264.

3. The appellant cites United States v. Sacco, 367 F.2d 368 (2 Cir. 1966), as authority for the flat proposition that "an increase in a sentence may not be made after the first judgment has been entered." This is not an accurate reference. *Sacco* had nothing to do with a trial, an appeal, reversal and remand for new trial, and sentence after retrial. Rather it concerned a lawful and valid sentence of five years, imposed after conviction on the first count of a two count indictment, which, eight months after service of the sentence had begun, the trial judge ordered raised to seven years. This court held that this constituted double jeopardy.

In the present case the appellant is attacking a sentence which he claims is illegal and which we hold to be void and of no effect. Yet he argues that because he was serving it, he is entitled to have the seven months sentence, which is highly favorable to him, declared valid and the remainder declared invalid. But he cannot have it both ways.

is reversed and the case is remanded for resentencing in a manner consistent with this opinion, that is to say, to fix sentences which are equal to or less than imprisonment for one year and one day, without the imposition of any fine, giving the appellant credit for the time during which he has been actually imprisoned.