Geraldo HERNANDEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 92 Civ. 5722 (MBM).

United States District Court,
S.D. New York.

Nov. 11, 1992.

Russell M. Leisner, Forest Hills, N.Y.,
for petitioner.

Christopher P. Reynolds, Asst. U.S.
Atty., Southern District of New York, New
York City, for U.S.

## OPINION AND ORDER

MUKASEY, District Judge.

Geraldo Hernandez has petitioned pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus and to vacate the judgment of conviction that followed his guilty plea. He argues that the 90–month sentence he received violated a plea bargain insofar as it represented an upward departure from the 10–16 month range generated by the adjusted offense level and criminal history category reflected in the presentence report, that his guilty plea was not entered with knowledge of the possibility that upward departure was possible, and that he was denied the effective assistance of counsel for not having been advised of what he claims was his right to have withdrawn his plea.

As set forth below, Hernandez's allocution itself shows that the sentence violated no bargain and that Hernandez knew the risks and benefits of his plea. The full record shows that Hernandez received the assistance of uncommonly skillful counsel, and there is no legal basis to support petitioner's suggestion that he had a right to withdraw his plea. Accordingly, there is no need for a hearing to show that the petition is frivolous; the writ is denied and the petition is dismissed.

The facts of this case have been set forth in opinions of this court, 738 F.Supp. 779 (S.D.N.Y.1990) and 753 F.Supp. 1191 (S.D.N.Y.1990), and the Court of Appeals, 941 F.2d 133 (2d Cir.1991), familiarity with which is assumed for current purposes.

## I.

 Hernandez's first two contentions, that he had bargained for a sentence between 10 and 16 months and that he was unaware of a possible upward departure, are rebutted by the record of his plea allocution. At that time, Hernandez was placed under oath and cautioned that his answers during the allocution would be subject to the penalties of perjury or of making a false statement if he did not answer truthfully. (Tr. 19)[1] He had already heard government counsel state:

> It is our understanding that this is to be a conditional plea, with the sole condition being that the defendant retains a right to appeal the result of the suppression hearing.
> THE COURT: Right.
> [THE PROSECUTOR]: There are no further agreements beyond that.

(Tr. 3) He had also heard his attorney, Barry Scheck, Esq., tell the Court:

> But in this context, the defendant is getting what he represented to me he wants most, which is a plea of guilty with a condition. That is our sole agreement at this point.

(Tr. 4) In addition, he had participated in the following exchange:

> MR. SCHECK: Yes, your Honor. My client has authorized me to enter a plea of guilty to the one and only count of the indictment, 18 U.S.C. 922(g).
> THE COURT: He has withdrawn his previously entered plea of not guilty and entered a plea of guilty conditioned upon his right to appeal the suppression motion?
> MR. SCHECK: That is right.
> THE COURT: Mr. Hernandez, I have been told by Mr. Scheck, [your lawyer] that you wish to change your plea of not guilty to this indictment and enter a plea of guilty on the understanding that [you] will have a right to appeal the decision that I made on the suppression motion, is that correct?
> THE DEFENDANT: Yes.

(Tr. 18–19) Then, after acknowledging under oath that he had had enough time to discuss the case with his lawyer and that he was satisfied with his lawyer's representation (Tr. 21), he acknowledged also that he understood that the maximum possible penalty for the crime to which he had offered to plead guilty was ten years' imprisonment, a $250,000 fine, three years of supervised release after release from prison, and a $50 special assessment. (Tr. 24) He said he also understood the operation of the guidelines system, including the possibility that there could be an upward departure from the recommended guideline range, as follows:

> THE COURT: Do you understand, also, that this case is governed by what are called the sentencing guidelines, which means that when I get the presentence report, I will get a recommendation as to the length of the sentence to impose, just as an example, and this is not necessarily the range that's going to be suggested, but just to show you how it works: Let's assume that the suggested range is between two and three years. The law is that I have to sentence you within that range, unless there is some factor present in this case that the people who drafted the guidelines did not consider. If it's a factor that suggests that I should go above the guidelines and sentence you to more, then I can do that. If it is a factor that suggests that I should go below the guidelines and sentence you to less, then I can do that. However, if I go above the guidelines, you have a right to appeal the sentence. If I go below the guideline range, then the government has the right to appeal that sentence, do you understand that?
> THE DEFENDANT: Yes.

(Tr. 25) The allocution then continued as follows;

---

1. "Tr." refers to the transcript of Hernandez's guilty plea on June 13, 1990.

THE COURT: Other than the agreement that you can take an appeal from the suppression motion, is there any other agreement that you are aware of between you, through your lawyer, and the government?

THE DEFENDANT: No.

THE COURT: Other than that agreement, has anyone made any promise or inducement to you in order to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone made any promise to you as to what your sentence will be?

THE DEFENDANT: No.

(Tr. 26)

In view of the above sworn statements, Hernandez's current claims, that he thought he had bargained for a sentence within the 10–16 month range and that he was unaware of the possibility of upward departure, are meritless. It is worth mentioning here that Hernandez's current application also repudiates the sworn admission he made that the gun in question was his, further evidence that expediency and not reality is the driving force behind the current application. *Compare* Hernandez 6/16/92 Aff. pp. 2–3, including, "The gun did not belong to your deponent." *with* Tr. 29, including, "The gun was mine. I told the government how I got then the gun." (*sic*)

## II.

■ Hernandez's attack on the competence of his prior counsel for failing to tell him he could withdraw his plea has no more merit than his other claims. First, it bears emphasis that at the time the case was pending, *ante litem motam*, I commented more than once on the outstanding competence and resourcefulness of Scheck and his colleagues, including a student assistant.

Second, despite Hernandez's casual assumption that he had the right to withdraw his plea before sentence if he was displeased with the sentencing recommendation he saw in the presentence report, and the government's curious failure to argue the point, he had no such right. To be sure, Fed.R.Crim.P. 32(d) permits withdrawal of a plea before sentencing "upon a showing by the defendant of any fair and just reason." However, petitioner's knowledge of that Rule would have been of no practical benefit to him, assuming *arguendo* that his lawyer did not tell him about it, because the only reason Hernandez proffers for withdrawal of the plea is that he learned of a recommendation for an upward departure, a possibility specifically anticipated during his allocution. That is not a "fair and just reason" under the Rule. "The fact that a defendant has a change of heart prompted by his reevaluation of ... the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992); *United States v. Michaelson*, 552 F.2d 472, 476 (2d Cir.1977).

We are not dealing here with a situation such as the one presented in *United States v. Bohn*, 959 F.2d 389 (2d Cir.1992), where the prescribed remedy for breach of a sentence bargain was to enforce the bargain or permit the defendant to withdraw the plea. Again, as set forth above, there was no bargain on the terms Hernandez suggests.

It should go without saying, and it will go without citation of authority, that a lawyer cannot be said to have failed in the duty to provide competent representation for failure to advise the defendant of a right the defendant did not have.

For the above reasons, the writ is denied and the petition is dismissed.

SO ORDERED.