1–95–CV–553–P1, Plaintiff–Appellant,

v.

1–95–CV–553–D1, 1–95–CV–553–D2, 1–95–CV–553–D3, 1–95–CV–553–D4, Defendants–Appellees.

No. 736, Docket 95–2415.

United States Court of Appeals, Second Circuit.

Submitted Jan. 16, 1996.

Decided Jan. 29, 1996.

1–95–CV–553–P1, c/o Federal Bureau of Prisons, Washington, DC, submitted a pro se brief.

Zachary W. Carter, U.S. Atty., Deborah B. Zwany, Tracey L. Salmon, Asst. U.S. Attys., Brooklyn, NY, submitted a brief for defendants-appellees.

Before: NEWMAN, Chief Judge, MAHONEY and FRIEDMAN,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal concerns a criminal defendant's effort to seek redress for an undisputed breach of an unusual provision of a plea agreement—a provision committing the United States to have the FBI investigate allegations of corruption at a state prison. The defendant, identified in the case caption as "P1" to protect his identity from disclosure, appeals from the June 15, 1995, judgment of the District Court for the Eastern District of New York (Eugene H. Nickerson, Judge)

* Honorable Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

dismissing his complaint for failure to state a claim on which relief may be granted. Judge Nickerson ruled that monetary damages were not available and that no claim for specific performance was being asserted. We agree with the first ruling, but disagree with the second, and therefore reverse and remand for further proceedings.

## Background

Appellant is serving a state sentence in federal custody, since he is currently in the Government's witness protection program. During a federal investigation of obstruction of justice offenses, appellant entered into a plea agreement with the United States Attorney for the Eastern District of New York. Appellant agreed to plead guilty to one count of obstruction of justice and to assist the Government in the prosecution of others involved in the obstruction offenses. The United States Attorney agreed to various provisions relating to the non-prosecution of other offenses and to certain Sentencing Guidelines calculations concerning the obstruction offense. Pertinent to the pending appeal, paragraph six of the plea agreement provides that "the FBI has agreed to investigate allegations of corruption at the Sing Sing [N.Y.] Correctional Facility relating to the defendant's [now, plaintiff's] claim that employees of the Sing Sing Correctional Facility were engaged in the unlawful sale of foodstuffs." Appellant apparently sought this provision in the hope that his instigation of efforts to uncover wrong-doing at Sing Sing would inure to his benefit when the state court considered an appropriate sentence for his state offense.

After appellant fulfilled his part of the plea agreement, he brought the instant suit *pro se,* alleging breach of paragraph six. His complaint named as defendants the Director of the FBI, the Chief of the FBI's New York Office, and two FBI agents. The initial complaint sought monetary damages and "whatever other relief this Honorable Court deems necessary, equitable and appropriate in the premesis [sic]." Defendants' answer admitted that the plaintiff had "fully satisfied" his commitments under the plea agreement and that the FBI had not conducted an investiga-

tion pursuant to paragraph six. The initial complaint also included the following statement: "Please note, 'specific performance' of the contract will not equitably correct this breach due to the defendant's delay in compliance." Thereafter, appellant, still acting *pro se,* filed an amended complaint, formalizing into separate paragraphs the "relief" portion of his complaint. The amended complaint renews the request for "such other and further relief as to [sic] this Honorable Court deems necessary, equitable and just in the premises," and omits the initial complaint's statement concerning the current inadequacy of specific performance. That statement appears to have been included in the original complaint to reflect the appellant's view that it was then too late for a federal investigation of wrong-doing at Sing Sing to help him obtain a lenient state sentence.

Judge Nickerson ruled that money damages were not available, either for breach of the plea agreement or for an alleged denial of rights protected by the Due Process Clause of the Fifth Amendment. The District Judge also ruled that appellant "explicitly does not seek specifically to enforce the Agreement, withdraw his plea, or reduce his federal sentence."

## Discussion

### 1. Money damages

■ Though we have recognized that contract law principles guide the *interpretation* of a plea agreement, *see United States v. Alexander,* 869 F.2d 91, 95 (2d Cir.1989); *United States v. Carbone,* 739 F.2d 45, 46 (2d Cir.1984), the Supreme Court has ruled, *see Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971), and we have recognized, *see United States v. Bohn,* 959 F.2d 389, 391 (2d Cir. 1992); *Alexander,* 869 F.2d at 94–95; *United States v. Brody,* 808 F.2d 944, 947 (2d Cir. 1986), that such principles do not govern the available *remedies* for breach of a plea agreement. On the contrary, as the cited cases state, the only remedies available for breach of a plea agreement are enforcement of the agreement or affording the defendant an opportunity to withdraw the plea. The District Court correctly ruled that no damages reme-

dy was available for the admitted breach of the plea agreement in this case.

Appellant further contends that he may obtain money damages by characterizing his suit as a damages claim for the denial of his constitutional right to due process of law. He relies on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* recognized the availability of a damages remedy for violations of constitutional rights in some circumstances, and *Santobello* recognized that due process requires fulfillment of a promise that induced a guilty plea. Nevertheless, we agree with Judge Nickerson that the due process language in *Santobello* must be read in context and that such language cannot be read to contradict the explicit statement in *Santobello* that the only available remedies for breach of a plea agreement are enforcement of the agreement or withdrawal of the plea.

The damages claims were properly dismissed.

### 2. Non-monetary relief

The District Court rejected non-monetary remedies such as specific performance or withdrawal of the plea on the ground that appellant "explicitly does not seek specifically" such remedies. We do not believe that the record supports this statement, and appellant explicitly contends in this Court that "[i]f specific performance or vacatur of the plea is the 'only' remedy available, Plaintiff–Appellant should at least be given the opportunity to seek such relief."

The District Court might have relied on the statement in the "relief" section of appellant's initial complaint to the effect that specific performance "will not equitably correct this breach due to the defendant's delay in compliance." We note that this statement is, at most, an observation that specific performance will not be wholly satisfactory; it is not an explicit disavowal of such relief. In any event, the amended complaint omits the quoted language from the original complaint and seeks "such other and further relief as to [sic] this Honorable Court deems necessary, equitable and just in the premises."

We therefore conclude that the traditional alternative remedies of specific performance or withdrawal of the plea have not been abandoned, and that the case must be remanded for consideration of appropriate non-monetary relief. This result raises an additional issue as to who has the option of choosing between the available remedies of specific performance and affording the defendant an opportunity to withdraw the plea. In *Bohn,* we said that "initially the option lies with the District Judge, at least in a case such as [*Bohn* ] that does not involve lack of compliance by the prosecution." 959 F.2d at 391. Unlike the pending case, *Bohn* involved an alleged breach by the sentencing judge. Since this issue has not been considered by the parties, nor by the District Judge, we prefer not to resolve it at this juncture.

We find it rather surprising that the Government would include in a plea agreement a provision that appears to be so unrelated to the federal charge being prosecuted—a provision that obliges a federal law enforcement agency to investigate what appear to be matters of exclusive state concern. But, for whatever reasons, the Government has included the provision in its plea agreement and has conceded non-compliance. It must accept the consequences of its initial action and its subsequent inaction.

Reversed and remanded.