**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 03-4853

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WANDA KNIGHT HURST,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District Judge.  (CR-03-312)

---

Submitted:  August 13, 2004        Decided:  September 14, 2004

---

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

James Barlow Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wanda Knight Hurst appeals her conviction and sentence entered pursuant to her guilty plea to bank fraud. On appeal, her attorney filed an Anders[*] brief, in which he stated that there were no meritorious issues for appeal but presented one issue for this court's review: whether the district court violated Fed. R. Crim. P. 11. Hurst was informed of her right to file a pro se supplemental brief, but she has not done so.

After reviewing the entire record pursuant to Anders, we ordered additional briefing on the following issues: "(1) whether the Government breached the plea agreement and (2) if so, whether the breach was plain error." After Hurst submitted a supplemental brief arguing that the failure to move for a two-level role adjustment was a breach of the plea agreement and plain error, the parties filed a joint motion to remand for a new sentencing hearing. The Government states that the obligation in the plea agreement to move for a role reduction was overlooked at sentencing. Thus, the Government agrees that the case should be remanded for a new sentencing hearing, at which time the Government's recommendation can be considered. While we affirm Hurst's conviction, we vacate her sentence and grant the motion to remand for a new sentencing hearing.

---

[*]Anders v. California, 386 U.S. 738 (1967).

This court generally reviews the adequacy of a guilty plea proceeding de novo. United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Rule 11 violations, however, are reviewed under a harmless error standard. Id. Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h). We find that the district court's colloquy was thorough and regular. Thus, we affirm Hurst's conviction.

In the plea agreement, the Government agreed to recommend a two-level reduction of Hurst's offense level as a minor participant. At the sentencing hearing, the Government did not so move, and Hurst was not given a role reduction. The Government has admitted breaching the plea agreement. The only remedies for breach of a plea agreement are specific performance or an opportunity to withdraw the plea. See United States v. Bohn, 959 F.2d 389, 391 (2d Cir. 1992). Here, Hurst does not seek to withdraw her plea, and both parties request an opportunity for specific performance of the agreement. Therefore, we grant the motion to remand, vacate Hurst's sentence, and remand the case for a new sentencing hearing where the Government can make the promised role adjustment recommendation.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART