18-664-cr
United States v. Melnyk

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
          RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
-----------------------------------------------------------------
UNITED STATES OF AMERICA,

          *Appellee,*

          v.                                        No. 18-664-cr

KOSTYANTYN MELNYK,

          *Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:                    THOMAS EDDY (Richard Palma, Law
                                  Office of Richard Palma, *on the brief*),
                                  New York, NY.

FOR APPELLEE:                     ANDREW THOMAS, Assistant United
                                  States Attorney (Andrew C. Adams,
                                  Won S. Shin, Assistant United States
                                  Attorneys, *on the brief*), *for* Geoffrey S.
                                  Berman, United States Attorney for
                                  the Southern District of New York,
                                  New York, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Kostyantyn Melnyk appeals from a judgment of the District Court

(Sullivan, J.) sentencing him principally to 24 months' imprisonment following

his guilty plea to conspiracy to distribute contraband tobacco.   We assume the

parties' familiarity with the underlying facts and the record of prior proceedings,

to which we refer only as necessary to explain our decision to affirm.

1. <u>The Tax Loss Amount</u>

Melnyk argues that the District Court committed procedural error by

considering the federal tax loss amount during sentencing even though federal excise tax losses are excluded from the Guidelines calculation.   See App'x 118; U.S.S.G. § 2E4.1, Application Note 1.   The District Court determined Melnyk's offense level under the Guidelines based on the calculation in Melnyk's presentence report (PSR) of the total tax loss amount.   App'x 90, 93– 94. Because Melnyk failed to object to the PSR, including its calculation of the tax loss amount, App'x 90, 118–20, we review for plain error.

The District Court did not err.   In considering "the nature and circumstances of the offense," as it was required to do at sentencing under 18 U.S.C. § 3553(a), the District Court properly considered the total federal, state, and local tax loss.   App'x 118; 18 U.S.C. § 3553(a).   We reject Melnyk's suggestion that consideration of the federal tax loss in relation to the appropriate sentence was improper.   Moreover, because incorrectly including federal excise tax losses in calculating Melnyk's Guidelines offense level in the present case would yield the same Guidelines level, any error would be harmless.   See U.S.S.G. § 2T4.1(H); United States v. Cramer, 777 F.3d 597, 603 (2d Cir. 2015).

For the first time on appeal, Melnyk also contends that the District Court

3

erred in calculating the tax loss amount because the calculation should not have included the taxes evaded on the first 10,000 cigarettes purchased. The applicable Guideline creates no such exemption. See U.S.S.G. § 2E4.1. In any event, Melnyk's proposed re-calculation would yield the same Guidelines offense level under the Guidelines; any error would thus be harmless. See Cramer, 777 F.3d at 603.

2. Consideration of Melnyk's Profits

Next, Melnyk argues that the District Court erred procedurally by improperly considering his profits from the conspiracy as a sentencing factor without proof that Melnyk profited. We disagree. The District Court's sentence was supported by the record. Melnyk's counsel confirmed that Melnyk profited from the conspiracy, and Melnyk attested to the profit motive of the conspiracy. App'x 48–49, 101, 104, 108; see United States v. Ibanez, 924 F.2d 427, 429 (2d Cir. 1991). Moreover, the District Court could reasonably infer that Melnyk, based on his participation, profited from the conspiracy, which paid approximately $576,980 for contraband cigarettes to resell. App'x 48–49; see United States v. Gaskin, 364 F.3d 438, 464 (2d Cir. 2004).

4

### 3. Substantive Unreasonableness

Lastly, Melnyk argues that his sentence was substantively unreasonable because the District Court considered the fact that the Government did not seek forfeiture as a component of Melnyk's sentence.   But the District Court's consideration appropriately reflected its mandate to weigh the factors under 18 U.S.C. § 3553(a), which include the need for deterrence and to consider the kinds of sentences available for the same count.   See United States v. Cavera, 550 F.3d 180, 188–89 (2d Cir. 2008) (en banc); United States v. Bohn, 959 F.2d 389, 394 (2d Cir. 1992).

We have considered Melnyk's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court