**UNITED STATES of America, Appellee,**

v.

**Thomas H. HORNICK, Defendant–Appellant.**

**No. 1252, Docket 91–1712.**

United States Court of Appeals, Second Circuit.

Argued April 9, 1992.

Decided May 12, 1992.

Marjorie M. Smith, The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City, for defendant-appellant.

Gary L. Sharpe, Asst. U.S. Atty., Binghamton, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Binghamton, N.Y., of counsel), for appellee.

Before FEINBERG, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

This case involves an appeal from a resentencing following a remand. Hornick's original sentence was based on convictions for crimes committed before and after the effective date of the Sentencing Guidelines. A ten-month Sentencing Guidelines enhancement for mailing a threatening communication was overturned on appeal, and the case was remanded for resentencing. *See United States v. Hornick,* 942 F.2d 105 (2d Cir.1991), familiarity with which is assumed. Noting that the district court could have sentenced Hornick for up to two

more years on his non-Guidelines counts, we stated that "a remand for resentencing is proper" because it was "not possible to determine whether the district court would have sentenced Hornick to additional imprisonment on the non-guidelines counts" had the district court properly applied the Guidelines in the first instance. *Id.* at 109. On remand, the district court added ten months to Hornick's non-Guidelines sentence and resentenced him to 133 months— precisely the same prison term originally imposed. Hornick challenges this new sentence, contending that it was error to increase his sentence on the non-Guidelines counts. We disagree.

The propriety of the resentence was implicit in our prior opinion. The remand was intended to resolve the factual question whether the district court, had it realized the enhancement was improper, would have given a larger sentence on the non-Guidelines counts in order to yield the same total sentence. The district court answered that question in the affirmative. The original sentence was thus a reflection of the district court's assessment of the aggregate gravity of Hornick's crimes, not a sum arrived at through discrete consideration of distinct crimes.

The district court's resentence is entirely consistent with our decisions in *United States v. Bohn*, 959 F.2d 389 (2d Cir.1992), and *United States v. Gelb*, 944 F.2d 52 (2d Cir.1991). In *Bohn*, we stated that "an increase in one component of a sentence, imposed following a successful challenge to another component of a sentence, is intimately related to the exercise of a sentencing judge's authority to select an appropriate sentence." *Bohn*, op. at 394. In *Gelb*, we confronted the question whether it was permissible to "allow the sentencing judge to impose an increased sentence on [a second] count because the sentence on another similar count was erroneously imposed, when the end result would reflect the sentencing judge's original intent." *Id.* at 59. *Gelb* answered that question in the affirmative.

These cases, as well as our prior decision in this very matter, are thus dispositive, and the decision of the district court is affirmed.