16-3461-cr
*United States v. Kent*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    16-3461-cr

THOMAS JEFFERSON KENT, also known as Sealed Defendant 1, also known as Daryl Walker,

> *Defendant-Appellant*,

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

SANFORD GOTTESMAN, also known as Sealed Defendant 2, BRAD ROBINSON, also known as Sealed Defendant 3, BENO MATTHEWS, also known as Sealed Defendant 4,

*Defendants.*

---

For Defendant-Appellant:        Yuancheng Lee, Of Counsel, Federal Defenders of New York, Inc., New York, NY.

For Appellee:        Paul M. Monteleoni, Karl Metzner, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas Jefferson Kent pleaded guilty to one count of conspiring to commit wire fraud in violation of 18 U.S.C. § 3571. On July 25, 2014, the district court, applying a § 3B1.1(a) enhancement pursuant to the United States Sentencing Guidelines ("Guidelines"), sentenced Kent to 78 months' imprisonment. This initial sentence was at the top of the Guidelines range calculated by the district court. But the district court explained during the sentencing proceeding that the Guidelines range is "advisory only," and that the "ultimate sentence is determined by the various factors under [18 U.S.C. §] 3553(a)." J.A. 70. We vacated Kent's initial sentence and remanded for resentencing because the district court did not make the required findings for applying the § 3B1.1(a) enhancement. *United States v. Kent*, 821 F.3d 362, 371 (2d Cir. 2016). On September 30, 2016, the district court conducted a resentencing hearing and imposed the same aggregate 78-month sentence, but this time without

2

applying the § 3B1.1(a) enhancement. As a result, the same 78-month sentence became an above-Guidelines sentence upon resentencing. Kent appeals from that September 30, 2016 resentencing and contends that the district court's decision to impose such a sentence was vindictive and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*      \*      \*

First, relying on *North Carolina v. Pearce*, 395 U.S. 711 (1969), Kent argues that the sentence he received on remand was improper because it was imposed by the district court in retaliation for his successful appeal. *Pearce* held that due process precludes a judge from increasing a defendant's sentence on remand out of "vindictiveness against a defendant for having successfully attacked his first conviction," and that where a judge imposes "a more severe sentence" after appeal based only on factors present prior to the first sentence, vindictiveness may be presumed. *Id.* at 725–26; *see also United States v. Weingarten*, 713 F.3d 704, 713 (2d Cir. 2013) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)).

A presumption of vindictiveness would not be appropriate in this case. We note at the outset that *Pearce* is not directly applicable here because Kent received the same sentence on remand that he had received initially, not a higher one. Kent argues that his sentence nevertheless should be treated as a "more severe" sentence because his case resembles one in which a court increases the sentence on remaining counts after vacatur of a count of conviction. *See Weingarten*, 713 F.3d at 710–11. Although his single count of conviction was not vacated, Kent contends that his vacated Guidelines enhancement is "functionally equivalent" to a vacated count of conviction. Def.-Appellant Br. 22. But a Guidelines adjustment does not affect "the extent of the harm legally attributable to the

3

defendant" in the same way a vacated count of conviction does. *Weingarten*, 713 F.3d at 715. Here, resentencing entailed a new Guidelines analysis, but one clearly related to and not independent of the first. In such circumstances, Kent's case is more analogous to those cases involving the vacatur of *related* counts. And "[w]here one or more of several related counts have been vacated, and the district court on resentencing has increased the sentence on the remaining, related counts to maintain the same aggregate sentence as before, no presumption of vindictiveness applies." *Id.* at 714.

Nor is this a case presenting any prospect of actual vindictiveness upon resentencing. *Id*. at 715 (rejecting actual vindictiveness in part because the "district court's conclusion that its initial aggregate sentence was still appropriate is understandable"); *United States v. Hornick*, 963 F.2d 546, 547 (2d Cir. 1992) (upholding resentencing because "[t]he original sentence was thus a reflection of the district court's assessment of the aggregate gravity of Hornick's crimes, not a sum arrived at through discrete consideration of distinct crimes"). Here, as in *Hornick*, "[t]he propriety of the resentence was implicit in our prior opinion." 963 F.2d at 547. We noted in our prior opinion the possibility that the district court, after taking account of the procedural error we identified, might "impose[] the same sentence in any event," but determined that because we could not know whether the district court would do so, remand for resentencing was proper. *Kent*, 821 F.3d at 371. We have previously upheld new sentences imposing the same aggregate sentence upon resentencing in similar circumstances. *See, e.g.*, *Weingarten*, 713 F.3d at 711–12 (upholding new sentence that imposed the same aggregate sentence after vacating a related count of conviction); *United States v. Chaklader*, 232 F.3d 343, 346–47 (2d Cir. 2000) (upholding new sentence that imposed the same aggregate sentence by reapportioning original sentence between the underlying offenses and

the sentencing enhancement after a mistake in calculating the initial sentence); *Hornick*, 963 F.2d at 546–47 (upholding new sentence that imposed the same aggregate sentence after remanding because a sentencing enhancement was improperly applied).

Finally, we do not agree with Kent that his sentence was substantively unreasonable. The standard of review for substantive reasonableness is a "deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 194 (2d Cir. 2008) (en banc), and we set aside a district court's sentencing judgment only in the "proverbial 'rare case'" of a sentence that is "shockingly high" or "otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009). The district court's imposition of a 78-month sentence (15 months greater than the top end of the calculated Guidelines range) cannot in the circumstances here be deemed either shocking or even unusual, especially because a reviewing court "may not apply a presumption of unreasonableness" simply because a sentence is outside the Guidelines range. *United States v. Pope*, 554 F.3d 240, 246 (2d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). After all, "sentencing discretion is like an elevator in that it must run in both directions . . . [so] district courts have the power to impose sentences both above and below the Guidelines range." *Cavera*, 550 F.3d at 194.

Furthermore, "a district court's decision to vary from the Guidelines 'may attract the greatest respect when the sentencing judge finds a particular case outside the "heartland" to which the Commission intends individual Guidelines to apply.'" *Id.* at 193 (citation omitted). Here, the district court made the explicit finding that "[t]he Court does not believe that this particular offense was within the heartland of the guidelines." J.A. 188. The district court also explained in depth its application of the 18 U.S.C. § 3553(a) factors, and why it viewed this crime as "outside the 'heartland.'" J.A. 186–90. "[W]e must defer heavily

5

to the expertise of district judges . . . [and so w]e do not consider what weight we would ourselves have given a particular factor." *Cavera*, 550 F.3d at 191.

Based on the record before us, there is no evidence of presumed or actual vindictiveness, and the district court's decision to impose the same 78-month sentence at Kent's resentencing was substantively reasonable. We have considered Kent's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk