22-2226-pr
*Dervishaj v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-four.

Present:

> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> EUNICE C. LEE,
>    *Circuit Judges*.

_____

REDINEL DERVISHAJ,

>    *Petitioner-Appellant*,

>    v.                                                     22-2226-pr

UNITED STATES OF AMERICA,

>    *Respondent-Appellee*.

_____

For Petitioner-Appellant:          MATTHEW MCGAVOCK
                                   ROBINSON, Robinson &
                                   Brandt, PSC, Covington, KY.


For Respondent-Appellee:           DAVID I. BERMAN (Jo Ann
                                   M. Navickas, *on the brief*),
                                   Assistant United States
                                   Attorneys, *for* Breon Peace,

Appeal from an August 5, 2022 order of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Redinel Dervishaj appeals from an order entered by the district court denying his petition for habeas relief under 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel. On April 25, 2016, after a jury trial, Dervishaj was convicted of twelve counts: three counts of extortion conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951(a), (b)(2); three counts of attempted Hobbs Act extortion in violation of 18 U.S.C. § 1951(a), (b)(2); three counts of threatening or committing physical violence in furtherance of Hobbs Act extortion in violation of 18 U.S.C. § 1951(a), (b)(2);[1] and three counts of possessing or brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(ii).

Dervishaj, proceeding *pro se*, filed an appeal, which this Court denied on September 18, 2019. *See United States v. Dervishaj*, 787 F. App'x 12 (2d Cir. 2019) (summary order). As part of his direct appeal, Dervishaj argued that the nine Hobbs Act charges were multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause. *Id.* at \*15. We held that this multiplicity argument was forfeited because his trial counsel failed to raise the objection below. *See id.* (rejecting multiplicity argument under Federal Rule of Criminal Procedure 12(b)(3)

---

[1] We will refer to this charge as "violence in furtherance" for the remainder of the order.

because "the basis for a motion challenging multiplicity was available when the Third Superseding Indictment was filed in February 2016, more than a month before trial").

Next, on January 22, 2021, Dervishaj filed a § 2255 habeas petition arguing that his trial counsel's failure to raise the multiplicity argument by pretrial motion constituted ineffective assistance of counsel. First, Dervishaj argued that his various Hobbs Act charges were multiplicitous based on several decisions from the Eastern District of New York, rendered after his trial and sentencing, which ruled that charging Hobbs Act robbery or extortion *and* violence in furtherance of that act, violated the Double Jeopardy Clause. The district court rejected Dervishaj's ineffective assistance claim, reasoning that "the substantive legal contention [regarding multiplicity] underlying th[e] ineffectiveness claim had, at the time of Dervishaj's trial and sentencing, yet to be raised in any reported case, much less settled," and thus, "trial counsel's failure to make that argument is not objectively unreasonable." *Dervishaj v. United States*, Nos. 21-CV-373 and 13-CR-668 (ENV), 2022 WL 3139117, at *4 (E.D.N.Y. Aug. 5, 2022). Dervishaj also claimed that the indictment was facially multiplicitous where it charged three separate conspiracies—one for each victim—rather than a single conspiracy, and that his trial counsel should have moved to dismiss the multiple conspiracy charges before the trial. However, the district court explained that the question of whether a single conspiracy or multiple conspiracies existed was properly submitted to the jury as a question of fact. Accordingly, the district court denied the § 2255 petition and declined to issue a certificate of appealability. Dervishaj timely appealed.

On March 15, 2023, we granted a certificate of appealability, agreeing to consider the

3

following questions:

> [W]hether Appellant received ineffective assistance of counsel when his counsel failed to move to dismiss the indictment as multiplicitous with respect to Appellant's convictions for (1) attempted Hobbs Act extortion and threatening or committing violence in furtherance of a plan to extort, and (2) conspiracy to commit Hobbs Act extortion . . . .

Motion Order, *Dervishaj v. United States*, No. 22-2226, ECF No. 23. We assume the parties' familiarity with the remaining facts and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\* \* \*

On "an appeal from the denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *Rosario v. United States*, 164 F.3d 729, 735 (2d Cir. 1998). "Because the Sixth Amendment provides criminal defendants with the right to *effective* assistance of counsel, inadequate representation is a basis for relief under section 2255." *Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011) (citations omitted). "Whether the effectiveness of a defendant's legal representation falls short of the minimum required by the Sixth Amendment is a mixed question of law and fact, which we review *de novo*." *Id.*

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was "deficient" as measured by an "objective standard of reasonableness," and that (2) "any deficiencies in counsel's performance . . . [were] prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). "An attorney's representation is deficient when it falls 'below an objective standard of reasonableness,' as determined by reference to 'prevailing professional norms.'" *Morales*, 635 F.3d at 43 (quoting *Strickland*, 466 U.S. at

4

688). "Such performance is prejudicial when it is so poor as to 'undermine confidence in the outcome' of the proceedings—that is, it gives rise to 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

## I. Hobbs Act Charges

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Under the Double Jeopardy Clause, "[a]n indictment is multiplicitous if it charges the same crime in two counts." *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004), *abrogated on other grounds by McFadden v. United States*, 576 U.S. 186 (2015). Generally, "the standard for analyzing whether offenses are the same in law is the same-elements test established in *Blockburger v. United States*." *United States v. Basciano*, 599 F.3d 184, 196–97 (2d Cir. 2010) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The *Blockburger* inquiry "asks whether 'each offense contains an element not contained in the other,' and provides that, if not, 'they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.'" *Basciano*, 599 F.3d at 197 (quoting *United States v. Dixon*, 509 U.S. 688, 698 (1993)). "[I]f each section requires proof of at least one fact that the other does not, there are two offenses, and it is presumed that the legislature intended to authorize prosecution and punishment under both." *United States v. Weingarten*, 713 F.3d 704, 708 (2d Cir. 2013) (alteration in original) (quoting *United States v. Khalil*, 214 F.3d 111, 118 (2d Cir. 2000)).

Here, the elements of the attempted extortion charge and the violence in furtherance charge

5

pass the *Blockburger* test.[2]   Attempted extortion requires proving Dervishaj's intent to commit extortion, a fact which violence in furtherance does not.   *See Scheidler v. Nat'l Org. for Women, Inc.*, 547 U.S. 9, 22 (2006) (noting that, for the violence in furtherance offense, a defendant need not have intended to commit extortion or known that his acts were in furtherance of a plan to extort). On the other hand, violence in furtherance requires proving that Dervishaj *actually* threatened or committed physical violence, whereas attempted extortion does not.   *See United States v. Taylor*, 596 U.S. 845, 851 (2022) (explaining that the substantial step element for an attempted Hobbs Act robbery charge, like attempted Hobbs Act extortion, "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property").   Thus, Dervishaj's defense counsel was not ineffective for failing to raise the multiplicity issue because the two charges satisfy the *Blockburger* same-elements test.

## II.   Multiple Conspiracies

Dervishaj also contends that the government's indictment was multiplicitous "on [its] face" because it "split[] a single conspiracy into separate charges."   Appellant's Br. at 28.

---

[2] Attempted Hobbs Act extortion contains the following three elements: (1) that the defendant "*intended* to commit . . . Hobbs Act extortion[;]" (2) that the defendant took a "substantial step . . . to bring about or accomplish the crime;" and (3) that interstate commerce was "delayed, obstructed, or affected in anyway or degree."   Appellant's Br. at 23–24 (emphasis added) (quoting jury instructions).   Violence in furtherance contains the following three elements: (1) that the defendant "*threatened [or committed] physical violence* to any person or property;" (2) "that the physical violence threatened or committed furthered a plan or purpose to commit Hobbs Act extortion[;]" and (3) that if successful, the plan or purpose would have "obstructed, delayed, or affected commerce."   *Id.* at 24 (emphasis added) (quoting jury instructions).

Specifically, Dervishaj argues that "the three charged conspiracies were precisely the same, with the only exception [being] that the victims of the extortion were different." *Id.* However, "[w]here, as here, separate counts of a single indictment allege that the defendant participated in more than one conspiracy in violation of the same statutory provision," but allege different underlying facts for each conspiracy, "the question of whether one, or more than one, conspiracy has been proven is a question of fact for a properly instructed jury." *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006). Accordingly, the government's conspiracy charges were not multiplicitous on their face, and defense counsel was not ineffective for failing to object to the indictment's multiple conspiracy charges.

\* \* \*

For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7