*United States v. Collymore*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                         23-7333

DWAINE COLLYMORE,

> *Defendant-Appellant.*\*

---

| | |
|---|---|
| FOR APPELLEE: | JARED LENOW (Hagan Scotten, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, N.Y. |
| FOR DEFENDANT-APPELLANT: | ELIZABETH SULLIVAN (David C. Esseks, *on the brief*), Allen & Overy LLP, New York, N.Y. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dwaine Collymore was sentenced consecutively on his convictions for attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. Collymore now appeals, arguing that Congress did not authorize consecutive sentences for those crimes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing sentences, we review questions of law de novo." *United States v. Weingarten*, 713 F.3d 704, 709 (2d Cir. 2013). Here, we find no error in the district court's imposition of consecutive sentences. As we have noted in considering a different statute, "Congress has not prohibited consecutive sentences for attempts and conspiracies that have the same object." *United States v. Rahman*, 189 F.3d 88, 158 n.36 (2d Cir. 1999).

In a "narrow" class of cases, consecutive sentences "punish more severely than the language of [Congress's] laws clearly imports." *Prince v. United States*, 352 U.S. 322, 325, 329 (1957). But as we have explained, this "limited rule is inapplicable" when "each offense can be completed without contemplation of the other." *Weingarten*, 713 F.3d at 710. This is such a case. One can enter into a "criminal agreement" to commit a robbery, *United States v. Shabani*, 513 U.S. 10, 16 (1994), without taking "a substantial step towards its commission," *United States*

2

*v. Farhane*, 634 F.3d 127, 145 (2d Cir. 2011). So here, a judge may impose consecutive sentences for attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery.

Our conclusion is not altered by 18 U.S.C. § 3584, which prohibits consecutive sentences only "for an attempt and for another offense that was the sole objective of the attempt." And Collymore's invocation of the rule of lenity is misplaced—that rule "only serves as an aid for resolving an ambiguity; it is not to be used to beget one." *Callanan v. United States*, 364 U.S. 587, 596 (1961).

We have considered Collymore's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3